UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY C. HAYES III,

            Plaintiff,

    -against-

LARRY/LANDLORD,

            Defendant.

1:24-CV-4102 (LTS)

ORDER OF DISMISSAL
AND TO SHOW CAUSE
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Henry C. Hayes III, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction, seeking damages and, possibly, injunctive relief. He asserts that the federal constitutional or federal statutory bases for his claims are the following: "I am just stating the facts because I am able to do so. Breach of Contract, suffering from a concussion . . . Loss of Job . . . , Lost Wages. Therefore, Freedom of Speech, Amendment I." (ECF 1, at 2.) He sues his former landlord, "Larry." The Court construes Plaintiff's complaint as asserting claims of violations of his federal constitutional rights under 42 U.S.C. § 1983, as well as claims under state law.

    By order dated September 3, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, and directs Plaintiff to show cause why the Court should not bar him from filing any future civil action in this court IFP arising from the allegations mentioned below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

**A.     The present complaint**

Plaintiff alleges the following: On June 18, 2018, Plaintiff moved into an apartment in the building located at 50 South Second Avenue, in Mount Vernon, Westchester County, New York. He was able to rent that apartment with the assistance of what appears to be the Westchester County Department of Social Services and the Guidance Center of Westchester. "Larry," his then-landlord, both lived and worked at the building located at 50 South Second Avenue.

On unspecified dates between and including June 18, 2018, and June 18, 2021, Plaintiff was assaulted by people who broke into his apartment on multiple occasions; they hit his head multiple times, and at least some of them told him that his landlord needed to fix the front door. As a result of being assaulted, Plaintiff suffered a concussion and he lost his job.

The refrigerator and the oven in that apartment never worked; Larry installed a new oven, but it did not work either. Because the refrigerator did not work, Plaintiff could not store food in his apartment. In addition, as a result of a flood in the building, the ceiling in two rooms of Plaintiff's apartment collapsed; it fell onto Plaintiff and injured him. Because nothing was done to repair the damage, Plaintiff moved out of that apartment into a homeless shelter.

**B.     *Hayes v. John Doe*, 1:23-CV-3705 (LTS) ("*Hayes I*")**

On May 2, 2023, Plaintiff filed a *pro se* action in this court known as *Hayes v. 48-52 South 2nd Avenue LLC* ("*Hayes I*"), 1:23-CV-3705 (LTS), in which he sued 48-52 South 2nd Avenue LLC, which, he asserted, was his landlord. Plaintiff invoked the court's federal question jurisdiction and sought damages. In an order dated July 5, 2023, the undersigned dismissed *Hayes I* for lack of subject matter jurisdiction, but granted Plaintiff 60 days' leave to replead his claims in an amended complaint. (ECF 1:23-CV-3705, 4.)

On August 2, 2023, Plaintiff filed an amended complaint in *Hayes I*. Plaintiff named his unidentified landlord, "John Doe," as the sole defendant. He alleged that, between June 2018 and June 2021 or 2022: (1) his Mount Vernon apartment experienced leaks; (2) the ceiling in multiple rooms within that apartment collapsed; (3) the refrigerator, stove, and oven within that apartment did not work; (4) the apartment's bathroom door came off its hinges; (5) Plaintiff's requests to the landlord were ignored; (6) the apartment's front door was broken into several times; (7) he was assaulted multiple times by people who broke into that apartment, causing him to suffer multiple concussions; and (8) he lost his job as a result of the injuries he sustained from those assaults. (ECF 1:23-CV-3705, 9, at 3.) The Court construed Plaintiff's amended complaint as asserting claims of violations of his federal constitutional rights under 42 U.S.C. § 1983, under the court's federal question jurisdiction, as well as claims under state law, under the court's supplemental jurisdiction. (*Id.* at 2.)

In an order dated October 10, 2023, the undersigned dismissed that action without granting further leave to replead. The Court dismissed Plaintiff's claims under Section 1983 against "John Doe," for failure to state a claim on which relief may be granted, because Plaintiff failed to allege facts showing that his landlord was acting as a state actor when he allegedly injured Plaintiff. (*Id.* at 4.) The Court also declined to consider Plaintiff's claims under state law brought under the court's supplemental jurisdiction. (*Id.* at 5.) Plaintiff did not appeal.

C.   *Hayes v. John Doe/Landlord*, 1:23-CV-9713 (LTS) ("*Hayes II*")

Less than one month after the Court dismissed *Hayes I* without further leave to replead, on November 2, 2023, Plaintiff filed another *pro se* action in this court known as *Hayes v. John Doe/Landlord*, 1:23-CV-9713 (LTS) ("*Hayes II*"); his *Hayes II* complaint again named his unidentified landlord, "John Doe," as the sole defendant. Plaintiff invoked the court's federal

4

question jurisdiction and diversity jurisdiction, and alleged events similar, if not the same as, those alleged in *Hayes I*.

In an order dated April 15, 2024, the undersigned dismissed *Hayes II* without granting Plaintiff leave to replead. (ECF 1:23-CV-9713, 4.) The Court dismissed Plaintiff's claims under Section 1983 in *Hayes II* for the same reasons that it dismissed Plaintiff's claims under Section 1983 in *Hayes I*. (*Id.* at 4.) The Court also determined that, to the extent that Plaintiff invoked the court's diversity jurisdiction, Plaintiff had failed to allege facts sufficient for the court to consider his claims under state law under that jurisdiction, and dismissed those claims for lack of subject matter jurisdiction. (*Id.* at 4-6.) The Court warned Plaintiff "that further duplicative litigation in this [c]ourt may result in an order directing him to show cause why he should not be barred from filing new [civil] actions [in this court] IFP regarding the[] events [alleged in *Hayes I* and *Hayes II*] without prior permission." (*Id.* at 6.) Plaintiff did not appeal.

## DISCUSSION

**A.    Plaintiff's claims under 42 U.S.C. § 1983**

The Court dismisses Plaintiff's claims under Section 1983 in the present action against "Larry," his former landlord, for the same reasons the Court dismissed Plaintiff's claims under Section 1983 in *Hayes I* and *Hayes II* – because Plaintiff has alleged no facts showing that Larry, a private landlord, acted as a state actor when he allegedly injured him. The Court, therefore, as it did in *Hayes I* and in *Hayes II*, dismisses Plaintiff's claims under Section 1983 in the present action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims under state law**

The Court understands Plaintiff's claims under state law as brought under the court's supplemental jurisdiction. A federal district court may decline to exercise supplemental

jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of his claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## C.  Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## D.  Order to show cause

As discussed above, in the Court's April 15, 2024 order in *Hayes II*, the undersigned warned Plaintiff "that further duplicative litigation in this [c]ourt may result in an order directing him to show cause why he should not be barred from filing new [civil] actions [in this court] IFP regarding the[] events [alleged in *Hayes I* and in *Hayes II*] without prior permission." (ECF 1:23-CV-9713, 4, at 6.) Plaintiff filed the present action on May 22, 2024, after the Court had issued the abovementioned warning. In the present action, he has asserted duplicative and

nonmeritorious claims arising from the events alleged in *Hayes I* and in *Hayes II*. Thus, Plaintiff has failed to heed the Court's warning.

Accordingly, the Court directs Plaintiff to show cause why he should not be barred from filing any future civil action in this court IFP arising from the events alleged in *Hayes I*, *Hayes II*, and in the present action without first obtaining permission from the court to file. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why such a filing injunction should not be imposed upon him. If Plaintiff fails to do so within the time directed, or if his declaration does not set forth good cause why such a filing injunction should not be entered, the Court will bar Plaintiff from filing any future civil action in this court IFP arising from the events alleged in *Hayes I*, *Hayes II*, and in the present action unless he first obtains permission from this court to do so.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order.

The Court also directs Plaintiff to show cause, within 30 days of the date of this order, why he should not be barred from filing any future civil action in this court IFP arising from the events alleged in *Hayes I*, *Hayes II*, and in the present action without first obtaining permission from the court to file. If Plaintiff fails to do so within the time directed, or if he does not set forth good cause why such a filing injunction should not be entered, the Court will bar Plaintiff from filing any future civil action in this court IFP arising from the events alleged in *Hayes I*, *Hayes II*, and in the present action unless he first obtains permission from this court to do so.

A declaration form with which to show cause, as specified above, is attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: October 25, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge