UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY C. HAYES III,

                Plaintiff,

-against-

LARRY/LANDLORD,

                Defendant.

1:24-CV-4102 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. By order dated October 25, 2024, the Court dismissed the present action, and directed Plaintiff to show cause, within 30 days of the date of that order, why he should not be barred from filing any future civil action in this court *in forma pauperis* ("IFP") arising from the events alleged in *Hayes v. John Doe*, 1:23-CV-3705 (LTS) ("*Hayes I*"), *Hayes v. John Doe/Landlord*, 1:23-CV-9713 (LTS) ("*Hayes II*"), and in the present action without first obtaining permission from the court to file. The Court warned Plaintiff that if he failed to do so within the time directed, or if he did not set forth good cause why such a filing injunction should not be entered, the Court would bar Plaintiff from filing any future civil action in this court IFP arising from the events alleged in *Hayes I*, *Hayes II*, and in the present action unless he first obtains permission from this court do to so. Plaintiff has filed no submission in response to the Court's October 25, 2024 order. Accordingly, the Court will impose the abovementioned filing injunction on Plaintiff.

## CONCLUSION

    The Court hereby bars Plaintiff from filing any future civil action in this court IFP arising from the events alleged in *Hayes I*, *Hayes II*, and in the present action unless he first obtains permission from this court do to so. *See* 28 U.S.C. § 1651. When attempting to file such an action, Plaintiff must attach a copy of his proposed complaint and a copy of this order to a

motion seeking leave to file such an action. The motion must be filed with the court's Pro Se Intake Unit. If Plaintiff violates this order and files such an action without filing a motion for leave to file, the court will dismiss that action for failure to comply with this order.

The Court further warns Plaintiff that the continued submission of frivolous or otherwise nonmeritorious documents or civil actions may result in the imposition of additional sanctions, including monetary penalties and/or a filing injunction barring Plaintiff from filing any future civil action IFP in this court without the court's leave to file. *See id*.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in the Court's October 25, 2024 order.

SO ORDERED.

Dated:   January 6, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge